UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LIFESTYLE LIFT HOLDING, INC., ET AL.

       Debtors,

_____/

BASIL T. SIMON, Trustee

       Plaintiff,

v.

KENNETH M. ZORN,

       Defendant.

_____/

Case No. 16-13049

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MONA K. MAJZOUB

**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE TO BANKRUPTCY COURT**

This is a bankruptcy case. Before the Court is Defendant Kenneth Zorn's Motion to Withdraw the Reference to Bankruptcy Court [1], filed on August 23, 2016. Plaintiff Basil Simon filed a Response [5] on September 8, 2016. Defendant filed a brief Reply [7] on September 19, 2016. Pursuant to Local Rule 7.1(f)(2), the Court will decide this motion without oral argument.

For the reasons discussed herein, Defendant's Motion to Withdraw the Reference to Bankruptcy Court is **DENIED**.

**FACTUAL BACKGROUND**

Dr. David Kent founded Lifestyle Lift ("Lifestyle"), a cosmetic surgery practice, in 2001. He was the company's sole shareholder, president, and director. Defendant Kenneth Zorn served as one of Lifestyle's attorneys. *See generally* Pl.'s Compl., *Simon v. Zorn* (*In re: Lifestyle Lift Holding, Inc.*), No. 16-04298 (hereinafter "Zorn adversary proceeding").

Plaintiff alleges that both Kent and Zorn breached their duties to the company and recklessly caused a number of severe financial losses. For example, Kent and Zorn failed to ensure that Lifestyle met its ERISA obligations, subjecting the corporation to penalties and sanctions for ERISA violations. *Id.* at ¶¶ 21(e), 40(c)(6). Plaintiff also claims that Zorn knew that Kent simultaneously reduced employment compensation by 10% and increased his own compensation, then lied to employees about this decision. *Id.* at ¶ 20. Additionally, Kent promised Stock Appreciation Rights to Lifestyle's physicians, but never funded them. *Id.* at ¶ 19. Zorn made no effort to communicate this information to the physicians. *Id.*

Lifestyle entered into a number of forbearance agreements with J.P. Morgan Chase Bank, its primary lender, in 2013. The company also retained Conway MacKenzie, Inc., a consulting and financial advisory firm, for assistance with restructuring, and appointed Steve Wybo as Chief Restructuring Officer. *Id.* at ¶ 25. Plaintiff asserts that in March 2014, Wybo warned Kent and Zorn that Lifestyle was unable to meet its obligations, due to the deterioration of the business. Wybo noted

that, among other things, rent payments to landlords were delayed, and Lifestyle owed approximately $2.8 million to two different companies. *Id.* at ¶ 25(1), (2).

Kent subsequently retained Pegasus, another consulting firm, seeking additional guidance, and designated its representative the acting CEO of Lifestyle. *Id.* at ¶ 18(e), (f). Plaintiff claims that Zorn knew of Kent's search for so-called payday loans at exorbitant interest rates, and that Zorn failed to prevent Kent's misconduct as to an undocumented agreement with an outside investor. The investment, according to Plaintiff, resulted in litigation and fraud allegations against the corporate entities. The agreement eventually collapsed, resulting in a $5 million judgment against some of the Debtors.

Lifestyle and its subsidiaries voluntarily filed for Chapter 11 Bankruptcy on March 27, 2015. *In re Lifestyle Lift Holding, Inc.*, No. 15-44839 (hereinafter "Bankruptcy proceeding"). The Bankruptcy Court appointed Plaintiff Basil Simon as Trustee in April 2015. The case was later converted to Chapter 7 in October 2015. Plaintiff then filed an adversary proceeding against Kent, alleging that Kent breached his statutory and common law duties to Lifestyle by "[r]ecklessly failing to properly manage the finances . . . in the face of available information, data and opinions" and "[r]ecklessly disregarding available information, data and opinions concerning [Lifestyle's debt] . . . " Pl.'s Compl. ¶ 12(a)-(b), *Simon v. Kent* (*In re: Lifestyle Lift Holding, Inc.*), No. 15-05045 (hereinafter "Kent adversary proceeding").

Plaintiff filed the instant action against Defendant Zorn on March 22, 2016, alleging legal malpractice and breach of fiduciary duty. Plaintiff contends that Defendant Zorn failed to represent his clients' best interests and that he committed a myriad of acts and omissions that resulted in Lifestyle's downfall. *Zorn adversary proceeding*, ¶ 40(a)-(m). For instance, Plaintiff argues that Zorn did not advise Kent on numerous matters, including hiring and firing consultants, entering into failed business deals (e.g. the payday loans, letters of intent, undocumented investment, etc.), and the zone of insolvency. Plaintiff further asserts that Defendant Zorn had a conflict of interest because he was Kent's personal attorney. Finally, Plaintiff claims that Zorn should have petitioned a court to appoint a receiver based on Kent's "instability and irrational conduct." *Id.* at ¶ 40(k).

## ANALYSIS

Federal district courts are vested with original but non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Bankruptcy proceedings are divided into "core" and "non-core" proceedings. *See, e.g.*, *Lowenbraun v. Canary, et al.* (*In re Lowenbraun*), 453 F.3d 314, 320-21 (6th Cir. 2006). 28 U.S.C. § 157(a) permits district courts to refer cases and related proceedings, both core and non-core, arising under Title 11 to the bankruptcy court. All such cases in the Eastern District of Michigan are automatically referred to the bankruptcy court pursuant to Local Rule 83.50(a)(1). "The significance of whether a proceeding is core or non-core is that the bankruptcy

judge may hear non-core proceedings related to bankruptcy cases, but cannot enter judgments and orders without consent of all parties to the proceedings." *Eglinton v. Loyer, et al.* (*In re G.A.D., Inc.*), 340 F.3d 331, 336 (6th Cir. 2003).

The district court may withdraw a case from the bankruptcy court "for cause shown." 28 U.S.C. § 157(d). "The requirement that cause be shown creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy." *Venture Holdings Co., LLC, v. Winget*, No. 05-73639, 2006 WL 800790, at *1 (E.D. Mich. Mar. 6, 2006) (internal citations omitted); *see also Hunderup v. Fesmire* (*In re Southern Industrial Mechanical Corp.*), 266 B.R. 827, 831 (W.D. Tenn. 2001) ("[T]he courts have acknowledged . . . [a] congressional intent to have bankruptcy proceedings adjudicated in a bankruptcy court unless rebutted by a contravening policy.").

28 U.S.C. § 157(d) does not explain what constitutes "cause shown," nor has the Sixth Circuit addressed the issue. *See In re Dzierzawski*, Nos. 14-14615, 14-14734, 2015 WL 3843612, at *1 (E.D. Mich. June 22, 2015); *United States v. Cordes*, Nos. 15-10040, 15-10727, 2015 WL 3775575, at *3 (E.D. Mich. May 20, 2015)*; Venture Holdings, Co., LLC*, 2006 WL 800790 at *1 n.1. However, courts in this district have adopted the test articulated in two Second Circuit cases, *In re Burger Boys*, 94 F.3d 755 (2d Cir. 1996) and *In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993):

> In deciding whether cause exists to withdraw an issue from the bankruptcy court, the district court should weigh several factors, of which the first is the most important: (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.

*In re Burger Boys*, 94 F.3d at 762 (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101)); *see also Skyline Concrete Floor Corp. v. Winter & Associates, P.L.C.* (*In re Skyline Concrete Floor Corp.*), 410 B.R. 564, 566-67 (E.D. Mich. 2008); *Venture Holdings Co., LLC*, 2006 WL 800790 at *1. Defendant Zorn, as the moving party, "bears the burden of showing the existence of . . . unusual circumstances, or a substantial reason" that warrants withdrawal. *Southern Industrial Mechanical Corp.*, 266 B.R. at 834.

As both parties indicate, judges in this District have adopted a variety of policies as to whether to withdraw a case from the bankruptcy court. *See, e.g.*, *Dzierzawki*, 2015 WL 3843612 at *3 (the court declined to adopt a standard policy of denying motions to withdraw until the matter is ready for trial); *United Solar Ovonic, LLC, v. Ontility LLC* (*In re Energy Conversion Devices, Inc.*), No. 12-12653, 2012 WL 5383165, at *2 (E.D. Mich. Oct. 26, 2012) ("[T]he standard practice of this Court, and of others in this District, is to permit the Bankruptcy Judge to manage the pretrial phase of the litigation") (internal citations omitted); *Karmann v. Dura Convertible Systems, Inc.*, (*In re Collins & Aikman Corporation, et al.*), No. 06-11512, 2006 WL 6584164, at *2 (E.D. Mich. June 15, 2006) (explaining that withdrawal must be employed "judiciously in order to prevent it from becoming just

another litigation tactic for parties eager to find a way out of bankruptcy court."). The Court is most persuaded by Judge Goldsmith's approach, as explained in *In re Community Memorial Hospital*: "[g]iven the varying issues that may arise in an adversary proceeding, the Court believes that a flexible analysis is the more prudent approach." 532 B.R. 898, 905 (E.D. Mich. 2015); *see also Dzierzawki*, 2015 WL 3843612 at *3.

Defendant argues that the Court should immediately withdraw the reference to Bankruptcy Court because this case is at its inception and judicial efficiency is best served by conducting pretrial proceedings in the District Court. Application of the *Burger Boys* factors, and guidance provided by similar cases in this District, persuades the Court otherwise. That this matter is in the early stages of litigation only supports keeping it before the Bankruptcy Court. *See Venture Holdings, Co., LLC*, 2006 WL 800790 at *3 (concluding that the factors weighed against withdrawal because "these proceedings are still at an early stage in litigation" and "[i]t is possible that these cases will be resolved in bankruptcy court through dispositive pre-trial motions."). The Court doubts that the Bankruptcy Court is as unfamiliar with the issues as Defendant suggests, given that Plaintiff filed for Bankruptcy over a year ago, in March 2015. The adversarial proceedings against Kent began on October 23, 2015; given that the allegations against Zorn appear to be substantially similar to those against Kent, the Bankruptcy Court has had sufficient time to develop an understanding of the facts and the issues in the case. Moreover, "bankruptcy proceedings beyond, but nevertheless

related to, the adversary proceeding[s] will be on-going, yielding the likely possibility of judicial efficiency if all matters remain before one judge." *Community Memorial Hospital*, 532 B.R. at 906. Finally, the Court finds that neither party will be prejudiced if the proceeding remains before the Bankruptcy Court for the duration of pretrial litigation. *Id.*

## CONCLUSION

For the foregoing reasons, the Court denies Defendant Zorn's Motion to Withdraw the Reference to Bankruptcy Court without prejudice. Defendant Zorn may seek this relief at a later stage of this proceeding.

**SO ORDERED**.


s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: October 18, 2016              Senior United States District Judge